Supreme Court
No. 2025-222-M.P.

In the Matter of Dilloun Rademacher.　：

# O R D E R

On July 25, 2025, the Court's Chief Disciplinary Counsel filed an Emergency Petition for Immediate Interim Suspension and for the Appointment of Disciplinary Counsel as Special Master pursuant to Article III, Rule 5(b)(6) of the Supreme Court Rules of Disciplinary Procedure, against the respondent, Dilloun Rademacher, Esq. The emergency petition came before a single justice of this Court, sitting as Duty Justice. The respondent was directed by the Duty Justice to submit a response to the emergency petition. On July 29, 2025, the respondent timely filed Respondent's Objection to Emergency Petition for Immediate Interim Suspension and for Appointment of Disciplinary Counsel as Special Master.

After consideration of the emergency petition and respondent's objection thereto, an order dated July 29, 2025, was entered, temporarily suspending respondent from the practice of law in this state on an emergency basis, effective immediately, and until further order of the Court. The order also appointed, effective immediately, Chief Disciplinary Counsel as temporary Special Master authorized to take possession of respondent's client files to inventory the same and to take

whatever steps deemed necessary to protect the clients' interests, including but not limited to returning the files to the clients or new counsel of each client's choice, and to have full access to respondent's former law office and files in order to carry out her duties. The order stated that the emergency petition would be heard by the full Court at its conference on September 4, 2025. The order also directed respondent to comply with Article III, Rule 15 within ten days of the date of the order. The respondent did not comply with the mandate of Article III, Rule 15 per the July 29, 2025 order.

On September 3, 2025, respondent filed a second, different Respondent's Objection to Emergency Petition for Immediate Interim Suspension and for Appointment of Disciplinary Counsel as Special Master.

This matter was presented before this Court at our conference held on September 4, 2025. After consideration of Disciplinary Counsel's emergency petition and respondent's two objections, the following is ordered:

1.  In furtherance of protecting the public and maintaining the integrity of the legal profession, it is ordered, adjudged, and decreed that the respondent remains temporarily suspended from the practice of law in this state on an emergency basis, effective immediately and until further order of this Court.

2. Chief Disciplinary Counsel remains temporary Special Master over the respondent's client files, authorized to take possession of the respondent's client files to inventory same and to take whatever steps deemed necessary to protect the clients' interests, including but not limited to returning files to the clients or new counsel of each client's choice. Chief Disciplinary Counsel is authorized to have full access to the respondent's files and former office in order to carry out her duties.

3. Chief Disciplinary Counsel is hereby further appointed temporary Special Master to take possession of the respondent's clients' accounts, IOLTA accounts, business accounts and operating accounts. Regarding the respondent's banking accounts, the Special Master is given sole and exclusive access to the following accounts heretofore controlled by the respondent, either solely or jointly: business and operating accounts; trust accounts, including special trust accounts; clients' accounts; IOLTA accounts; estate accounts; and any and all other accounts related to the respondent's law practice that he uses presently or has in the past utilized for the deposit and maintenance of fiduciary and/or clients' funds and fee advances. The foregoing list of accounts shall also include any accounts where the respondent serves as an agent, special agent, trustee, personal representative, executor, power of

attorney, or custodian. The Special Master shall have sole control over these above-described accounts, to the exclusion of the respondent, until further order of this Court. By this order, the Court prohibits the respondent or any of his agents from withdrawing or transferring funds from the aforementioned accounts.

4. The respondent is hereby ordered to comply with the mandate of Article III, Rule 15 within ten (10) days of this order and the respondent's continued failure to comply with this mandate will be evidence of contempt of court.

5. The respondent is hereby ordered to fully cooperate with Disciplinary Counsel to effectuate the order of this Court.

Entered as an Order of this Court this *10th* day of *October 2025*.

By Order,

/s/ *Meredith A. Benoit*
Clerk

- 4 -



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In the Matter of Dilloun Rademacher. | |
| **Case Number** | No. 2025-222-M.P. | |
| **Date Order Filed** | October 10, 2025 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | N/A | |
| **Judicial Officer from Lower Court** | N/A | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Kimberly Brissette Brown, Esq.<br>Office of Disciplinary Counsel | |
| | For Respondent:<br><br>Dilloun Rademacher, *pro se* | |

SU-CMS-02B (revised November 2022)